# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| HENRY ZOCH II, Individually and on behalf of THE ESTATE OF HENRY ZOCH III, Deceased, | § § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 6:16-CV-00057 |
| DAIMLER, A.G., a foreign corporation organized under the laws of Germany; MERCEDES BENZ USA, LLC, a New Jersey limited liability company, PAG DISTRIBUTOR S1, LLC, a Delaware limited liability company; MAGNA INTERNATIONAL, INC., a foreign corporation organized under the laws of Canada; MAGNA INTERNATIONAL OF AMERICA, INC., a Michigan corporation; MAGNA SEATING (GERMANY) GmbH f/k/a INTIER AUTOMOTIVE SEATING SYSTEMS, GmbH, a foreign corporation organized under the laws of Germany; JOHNSON CONTROLS, INC., a Wisconsin corporation; and JOHNSON CONTROLS METALS AND MECHANISMS GmbH & CO. KG, a foreign corporation organized under the laws of Germany, | § § § § § § § § § § § § § § § § § § | JURY DEMAND |
| Defendants. | | |

## SECOND AMENDED COMPLAINT

Plaintiff, Henry Zoch II, individually and on behalf of the estate of his son Henry Zoch III, files this Second Amended Complaint, and would show the Court as follows:

## PARTIES

1.      Plaintiff Henry Zoch II is a resident of Lee County, Texas. Plaintiff Henry Zoch II is the surviving father and heir at law of decedent Henry Zoch III. Plaintiff's son was killed as a result

1

of the negligent acts and omissions and product defects alleged herein. No administration of the estate of Henry Zoch III is pending and none is necessary. Plaintiff Henry Zoch II brings the claims and causes of action herein individually and on behalf of the estate of decedent Henry Zoch III.

2.     Defendant Daimler, A.G. is a German entity that has been properly served, appeared, and can be served via its counsel of record.

3.     Defendant Mercedes-Benz USA, LLC is a New Jersey limited liability company that has been properly served, appeared, and can be served via its counsel of record.

4.     Defendant, PAG Distributor S1, LLC, f/k/a smart USA Distributor, LLC, is a Delaware limited liability company that has been properly served, appeared, and can be served via its counsel of record.

5.     Defendant Johnson Controls, Inc., successor-in-interest to C. Rob Hammerstein GmbH, is a Wisconsin Corporation that has been properly served, appeared, and can be served via its counsel of record.

6.     Defendant Magna International Inc. is a Canadian entity that has been properly served, appeared, and can be served via its counsel of record.

7.     Defendant Magna International of America Inc. is a Michigan corporation. This defendant has been properly served, appeared, and can be served via its counsel of record

8.     Magna Seating (Germany) GmbH f/k/a Intier Automotive Seating Systems, GmbH is a foreign entity organized under the laws of Germany. This entity has been properly served, appeared, and can be served via its counsel of record.

9.     Defendant Johnson Controls Metals and Mechanisms GmbH & Co. KG, is a foreign entity organized under the laws of Germany. It can be served via The Hague Convention on International Service Abroad, through international service upon the German central legal authority, directed to

2

Johnson Controls Metals and Mechanisms GmbH & Co. KG, Merscheider Str. 167, 42699 Solingen, Germany.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the controversy is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional limits.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & (c) because all Defendants are subject to personal jurisdiction in this district and are therefore residents of this district. All defendants manufacture, design, and/or market goods that are targeted for sale and distribution within the State of Texas. Further, all defendants maintain minimum contacts with the State of Texas by purposefully availing themselves of the benefit of doing business in Texas. Finally, the underlying motor vehicle accident occurred in this district.

## FACTUAL BACKGROUND

12.     Plaintiffs adopt and re-allege each paragraph above as if fully set forth herein.

13.     Henry Zoch III was a decorated Marine veteran of the wars in Iraq and Afghanistan, a survivor of the Boston Marathon bombing, and the only son of Plaintiff Henry Zoch II.

14.     On October 15, 2014 at approximately 7:05 p.m., decedent Henry Zoch III was driving his 2008 Smart Fortwo (VIN# WMEEJ31X38K186599) (referred to herein as "subject vehicle") westbound on the President George Bush Turnpike in Plano, Texas. The subject vehicle was traveling at or below the posted speed limit before slowing for traffic conditions.

15.     At approximately the same time, Ms. Judy Heinz was driving a 2006 Ford Taurus behind the subject vehicle. She briefly looked away from the road, applied her brakes, but rear-ended the subject vehicle. The Ford Taurus impacted the rear of the subject vehicle pushing it forward into

a Toyota Camry located in front of the subject vehicle. Neither Ms. Heinz nor the driver of the Toyota Camry suffered serious injury and both declined ambulance transportation at the scene.

16.     With regard to the damage to the subject vehicle, none of the windows were broken or cracked, both passenger doors were able to open and close properly, and the occupant compartment integrity was securely maintained.



1

17.     However, during the accident the subject vehicle's driver's seat lower recliner mechanism bracket steel ripped, which permitted the seat to collapse rear-ward and inboard.

---

[1] Photos of the subject vehicle taken after the accident.



2

18.     The broken steel anchorage allowed the seat to collapse and caused Mr. Zoch III to be propelled rearward inside the vehicle. As a result, and despite being properly belted at all times, Mr. Zoch III's head struck the rear portion of the subject vehicle's interior and he suffered a severe brain injury. Mr. Zoch III lived for nearly twenty-four hours before he was pronounced dead on October 16, 2014 — two days before his thirty-second birthday.

19.     The subject vehicle and its driver's seat were defective because they failed to provide adequate protection for the occupant, Henry Zoch III, during an ordinary and foreseeable rear-end collision. The subject accident was survivable but for the defendants' acts and omissions and the defective condition of the subject vehicle alleged herein.

---

[2] Photo of the subject vehicle's driver's seat lower recliner arm and bracket, taken after the accident.

20.     Defendant Daimler, A.G. manufactured the subject vehicle and engaged in various agreements with other entities intended to target the marketing, shipment, and sale of the subject vehicle to the United States generally and to Texas specifically for profit. Defendant Mercedes-Benz USA, LLC, a wholly owned subsidiary of Daimler, A.G., marketed the subject vehicle in the United States and in Texas. Defendant PAG Distributor S1, LLC f/k/a smart USA Distributor, LLC, is Daimler, A.G.'s agents for distribution of the smart car line of vehicles in the United States and Texas and are sellers of the subject vehicle. Together, these entities worked a joint enterprise for the purpose of profiting from the sale of the subject vehicle.

21.     Magna International, Inc. entered agreements with Daimler, A.G. and the other Defendants for purpose of supplying the driver's seating system in the subject vehicle for distribution and use in vehicles targeted for sale in the United States, generally, and Texas, specifically. Magna International of America, Inc. was the entity that marketed and provided warranty support for the subject vehicle's seating system in the United States. Magna Seating (Germany) GmbH f/k/a Intier Automotive Seating Systems, GmbH designed, tested, and supplied the seat, chose the metal used in the seat's anchorage and fittings, and designed the seat-related components and anchorages generally.

22.     Johnson Controls, Inc. as successor-in-interest to C. Rob Hammerstein GmbH, provided the steel seat frame and recliner mechanism componentry in the subject vehicle seat, including the portion that failed during the subject crash. Johnson Controls, Inc. purchased the assets and liabilities of C. Rob Hammerstein GmbH subsequent to the subject accident and is the successor-in-interest to C. Rob Hmmerstein, GmbH.

23.     Johnson Controls Metals and Mechanisms GmbH & Co. KG is an entity that also provided portions of the steel seat frame and recliner mechanism componentry in the subject vehicle seat, including portions of the mechanism that failed during the subject crash.

## DESIGN DEFECT CAUSE OF ACTION AGAINST ALL DEFENDANTS

24.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

25.     At all times material to this action, Defendants were in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying motor vehicles and/or motor vehicle seats for use in vehicles targeted for sale in Texas and throughout the United States.

26.     Defendants collectively and individually engaged in designing, marketing, and selling the subject vehicle and its seating system for sale to Texas consumers.

27.     It was entirely foreseeable and well known to Defendants that rear-end accidents such as the subject accident are common and frequently occur in the ordinary foreseeable use of the subject model vehicle and its driver's seat.

28.     Defendants defectively designed, manufactured, assembled, tested, marketed and distributed the subject vehicle and/or its driver's seat in the following manner:

  a.  the subject vehicle is not crashworthy or able to protect a driver during an ordinary and foreseeable rear-end collision;

  b.  the driver's seat fails to provide adequate protection for its occupant during foreseeable rear-end collisions;

  c.  the design of the subject vehicle's driver's seat, its anchors, and related components results in preventable injuries to its occupant;

  d.  the driver's seat bottom support structure and its metal was designed in such a manner that it was unable to sustain the force imparted to it during ordinary and foreseeable rear-end collisions given the stiff structure of the subject vehicle; and,

  e.  the subject vehicle's cabin structure was designed in such a manner that it failed to absorb energy during an ordinary and foreseeable rear-end collision necessary to

protect a driver seated in the seat system that was selected for installation in the subject vehicle.

29.     The design defects present in the subject vehicle and its driver's seating system rendered the vehicle and its driver's seat unreasonably dangerous and defective.

30.     As to every design defect present in the subject vehicle and/or its driver's seat, there was a safer alternative design which, if actually used, would in reasonable probability have prevented or significantly reduced Henry Zoch III's risk of personal injury and death without substantially impairing the vehicle or driver's seat's utility. These alternative designs were economically and technologically feasible at the time the vehicle and driver's seat left the Defendants' control by the application of existing or reasonably achievable scientific knowledge.

31.     The foregoing acts and omissions were a producing and/or proximate cause of the damages alleged herein.

## MANUFACTURING DEFECT CAUSE OF ACTION AGAINST ALL DEFENDANTS

32.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

33.     The subject vehicle and its driver's seat, seat assembly, and related components contained manufacturing defect(s) because they deviated from their intended construction, quality, or performance and the specifications or planned output. Simply put, the subject vehicle's passenger compartment and seating system were supposed to survive an ordinary and foreseeable rear impact. Moreover, the driver's seat anchor points, as designed, were not supposed to fracture and separate during the forces of an ordinary, foreseeable rear-end collision.

34.     Any manufacturing defect in the subject vehicle's driver's seat, seat assembly, and related components was a producing cause of the damages alleged herein.

**NEGLIGENCE CAUSES OF ACTION AGAINST ALL DEFENDANTS**

35.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

36.     Defendants had a duty to exercise reasonable care in the design, manufacturing, assembly, testing, distribution, and marketing of the vehicle in question, its driver's seat, and related components. Moreover, Defendants had a duty to ensure that the subject vehicle's driver's seat and related componentry were not unreasonably dangerous for their foreseeable use.

37.     Defendants knew, or in the exercise of ordinary care should have known, that the subject vehicle's driver's seat design was defective and/or unreasonably dangerous to those persons likely to use the vehicle for the purpose and in the manner for which it was intended to be used.

38.     Defendants knew, or in the exercise of reasonable care should have known, that the inclusion of a defective driver's seat system and passenger cabin could cause injury to belted occupants in ordinary and foreseeable collisions and would create an unreasonable risk of harm for those persons likely to use the vehicle for the purpose and in the manner for which it was intended to be used.

39.     Defendants were negligent and failed to act as reasonable, prudent manufacturers in selecting for inclusion, designing, manufacturing, testing, and marketing the driver's seat system and related componentry installed in the subject vehicle.

40.     As a result of the negligent acts and claims alleged herein, Defendants committed a tort within the State of Texas pursuant to Texas Civil Practice and Remedies Code section 17.042 (2).

41.     The foregoing acts and/or omissions were a proximate cause of the damages alleged herein.

**JOINT ENTERPRISE CAUSE OF ACTION AGAINST ALL DEFENDANTS**

42.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

43.     At all times material to this action, Defendants were engaged in a joint enterprise consistent with section 491 of the Restatement (Second) of Torts. Defendants had amongst them agreement(s) express or implied to facilitate the sale of the subject vehicle and/or its included seating system for profit. Defendants had a common pecuniary interest in their joint enterprise/venture. Defendants each had a voice and right to be heard in the control of this venture.

### TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 82.003

44.     Mercedes Benz USA, LLC, PAG Distributor S1, LLC, Magna International, Inc., and Magna International of America, Inc. are liable for the products liability claims asserted herein as sellers of the defective vehicle and/or driver's seat pursuant to Texas Civil Practice and Remedies Code section 82.003 because (1) these entities participated in the design of the product pursuant to section 82.003 (1); and, (2) to the extent any manufacturer of the subject vehicle and/or driver's seat is insolvent or not subject to the jurisdiction of this Court pursuant to section 82.003 (7).

Because this diversity case requires the application of Texas substantive law, this provision governs this case.

### EXEMPLARY DAMAGES

45.     Pursuant to Texas Civil Practice and Remedies Code sections 41.001 *et. seq.* and 71.009, the harm alleged herein resulted from Defendants' gross negligence and Plaintiff is entitled to exemplary damages. Defendants each engaged in an act or omission, which when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Accordingly, Plaintiff, both

individually and on behalf of the estate of Henry Zoch III, specifically claims he is entitled to exemplary damages from each Defendant,

## DAMAGES

46.    Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

47.    Plaintiff's decedent, Henry Zoch III, suffered mental anguish and conscious pain and suffering before he died, and incurred various medical, funeral and burial expenses.

48.    Plaintiff, Henry Zoch II, is a beneficiary under the Texas Wrongful Death Act and claims all damages available under the Act, including past and future mental anguish, loss of companionship and society, funeral expenses, and pecuniary losses.

49.    Plaintiff has incurred reasonable and necessary medical expenses in the past and based on reasonable medical probability will incur reasonable and necessary medical expenses in the future.

50.    The Defendants' negligent acts, omissions, and product defects were the producing and/or proximate cause of these actual damages to Plaintiff.

## CLAIM FOR PREJUDGMENT INTEREST

51.    Plaintiff seeks prejudgment interest at the maximum legal rate.

## JURY DEMAND

52.    Plaintiff requests that a jury be convened to try the factual issues of this case.

## PRAYER FOR RELIEF

53.    Plaintiff prays that judgment be entered in his favor against Defendants, jointly and severally, for actual and exemplary damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

/s/ Jeffrey T. Embry
Jeffrey T. Embry
State Bar No. 24002052
Attorney-in-Charge
George Cowden IV
State Bar No. 24071492
Hossley & Embry, LLP
320 S. Broadway, Ste. 100
Tyler, Texas 75702
(903) 526-1772
(903) 526-1773 Fax
jeff@hossleyembry.com
george@hossleyembry.com

**ATTORNEYS FOR PLAINIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this pleading was served on all counsel of record via the Court's E.C.F. system this 14th day of October, 2016.

/s/ Jeffrey T. Embry
Jeffrey T. Embry